**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| CDM INVESTMENT GROUP, INC., a Nebraska Corporation; and AIRTITE, INC., a Nebraska Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>DUSTIN SANDOVAL, IVAN MEIRING, and INTEGRATED SPECIALTY CONTRACTORS, LLC, an Illinois Limited Liability Company;<br><br>Defendants. | 8:18CV43<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Preliminary Injunction, ECF No. 3, and the Motion for Temporary Restraining Order, ECF No. 11, filed by Plaintiffs CDM Investment Group, Inc. (CDM), and Airtite, Inc., doing business as E&K of Chicago, Inc. (E&K) (collectively, Plaintiffs). For the reasons stated below, the Motions will be denied.

## BACKGROUND

Plaintiff E&K is a wholly owned subsidiary of E&K Companies, Inc.,[1] which is a wholly owned subsidiary of Plaintiff CDM. Plaintiffs both operate in the construction industry. Defendant Dustin Sandoval became an employee of Plaintiffs in 2001 and was eventually promoted to Vice President of Sales for E&K and Chief Procurement Officer for CDM. Defendant Ivan Meiring became an employee of Plaintiffs in 2012 and eventually achieved the position of Senior Estimator/Sales Manager. On January 22, 2018, Sandoval and Meiring resigned their positions and terminated their employment

---

[1] E&K Companies, Inc. is not a party to this lawsuit.

to begin working at a competing construction company they formed in September of 2017 called Integrated Specialty Contractors, LLC (Integrated).

During their employment with Plaintiffs, Sandoval and Meiring purchased shares of CDM and are currently minor shareholders of the company. In order to purchase shares, CDM required them to enter into a Shareholder Buy-Sell Agreement. Sandoval Shareholder Agr., ECF No. 9-1, Page ID 85; Meiring Shareholder Agr., ECF No. 9-1, Page ID 71. They were also required to sign Confidentiality and Conflict of Interest Agreements at the beginning of their employment. Sandoval Confidentiality Agr., ECF No. 9-1, Page ID 96; Meiring Confidentiality Agr., ECF No. 9-1, Page ID 81.

On January 25, 2018, three days after Sandoval and Meiring left Plaintiffs' employ, their company, Integrated, was awarded the "Brightstar" construction project by Leopardo Companies. Although Sandoval and Meiring were responsible for bidding on projects for Plaintiffs, no bid for the Brightstar project was submitted on Plaintiffs' behalf. Given the temporal proximity of their resignation and the award of the Brightstar project, Plaintiffs believe Sandoval and Meiring submitted a bid on Integrated's behalf while they were still employed by Plaintiffs. Also, on January 29, 2018, Integrated offered employment positions to two current E&K employees and they both accepted the offers the same day.

Plaintiffs filed their Complaint, ECF No. 1-1, Page ID 5, in the District Court of Douglas County, Nebraska, and asserted a claim for breach of fiduciary duty against Sandoval, Meiring, and Integrated (collectively, Defendants) and a claim for breach of contract against Sandoval and Meiring. On February 9, 2018, Defendants removed the case to this Court and Plaintiffs filed their Motion for Preliminary Injunction. On

February 12, 2018, Plaintiffs also filed their Motion for a Temporary Restraining Order. A hearing on the motions was held on February 13, 2018.

## DISCUSSION

Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), when determining whether to issue a preliminary injunction or temporary restraining order. Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* "No single factor is determinative." *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp. 2d 970, 974 (D. Neb. 2008). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

**I. Threat of Irreparable Harm**

"Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Grasso Ents., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016) (quoting *Gen Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009)). Thus, "economic loss, on its own, is not an irreparable injury so long as the losses can be recovered." *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) (quoting *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 882 (8th Cir. 2013)). A mere possibility of irreparable harm, however, is insufficient to justify a preliminary

injunction. The movant must "demonstrate that irreparable [harm] is *likely* in the absence of an injunction." *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 992 (8th Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "The absence of irreparable injury is by itself sufficient to defeat a motion for a preliminary injunction." *Chlorine Inst.*, 792 F.3d at 915 (quoting *DISH Network*, 725 F.3d at 882).

To support their argument that an injunction is warranted, Plaintiffs rely on the Confidentiality Agreements, wherein the Parties agreed that a violation would result in irreparable harm and the party in violation waived the defense that an adequate remedy at law existed. Sandoval Confidentiality Agr. § 4, ECF No. 9-1, Page ID 98; Meiring Confidentiality Agr. § 4, ECF No. 9-1, Page ID 83. However, "an irreparable-harm provision, without more, is insufficient to establish irreparable harm[ ]" and Plaintiffs have shown nothing more. *Minn. Vikings Football Stadium, LLC v. Wells Fargo Bank*, 157 F. Supp. 3d 834, 841 (D. Minn. 2016) (citing *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1266 (10th Cir. 2004)).

Plaintiffs have not demonstrated that money damages would be an insufficient remedy for the alleged breach of contract and fiduciary duty. They argue this case is similar to *Barrett v. Reynolds* where the Court found a threat of irreparable harm because the circumstances indicated the party sought to be enjoined was likely to become "judgment proof" absent an injunction. No. 8:12CV328, 2012 WL 5569755, at *4 (D. Neb. Nov. 15, 2012). Here, there is no argument that Defendants are, or will likely become, judgment proof. If the injunctive relief sought by the Plaintiffs were ordered, such relief would *increase* the likelihood that the Defendants could become

4

judgment proof. Thus, *Barrett* does not support Plaintiffs' contention that they face a threat of irreparable harm absent injunctive relief.

Plaintiffs further argue that "[i]f they are not immediately enjoined, Defendants will continue to usurp business opportunities [from] the Plaintiffs." Pl.'s Br. Mot. Prelim. Inj., ECF No. 4, Page ID 56. Their argument is based on Integrated's successful bid for the Brightstar project, which Plaintiffs contend might have been awarded to them but for Defendants' actions.[2] However, "a loss of customers" does not necessarily constitute irreparable harm. *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (citing *Gen. Motors Corp.*, 563 F.3d at 319) (affirming district court's denial of a preliminary injunction because there was a "question whether [the plaintiff's] injuries, *i.e.,* 'a loss of customers or customer goodwill,' [were] truly 'irreparable' in the sense that they could not be addressed through money damages") (internal citations omitted). Although Plaintiffs argue Defendants have deprived them of one business opportunity and may deprive them of more opportunities, it is Plaintiffs' burden to show that any resulting harm is irreparable. They have not met that burden. *Roudachevski v. All-American Care Ctrs., Inc.*, 648 F.3d 701, 707 (8th Cir. 2011).

Finally, Plaintiffs claim they face a threat of irreparable harm because, absent an injunction, Sandoval and Meiring will continue to breach their fiduciary duties to CDM as shareholders in a closely held corporation. Plaintiffs seek injunctive relief for a minimum of 60 days, referring the Court to the terms of the Shareholder Buy-Sell Agreements, and the intervals of time during which stock repurchases can be effected. Yet, there is

---

[2] Although Plaintiffs assert the Brightstar project is one they would have typically bid on, there is no indication that Plaintiffs would have been awarded the Brightstar project absent Defendants' conduct.

5

no evidence that Sandoval or Meirling have any power or control as a minority shareholder, and the Shareholder Agreement permits CDM to repurchase their shares at any time. If Sandoval or Meirling did breach an agreement with CDM, as Plaintiffs contend, their shares may be repurchased at any price CDM chooses. Section 5 provides

> If by a majority vote of the Corporation's Board of Directors it is determined that the terminated employee has materially breached the terms of any written agreement between the Corporation and the terminated Shareholder regarding confidentiality and/or conflicts of interest and/or . . . non competition [sic], then the Corporation shall at its sole discretion repurchase all of the shares of the Corporation owned by such terminated Shareholder for an amount to be determined by the Board of Directors.

Sandoval Shareholder Agr. § 5, ECF No. 9-1, Page ID 88; Meiring Shareholder Agr. § 5, ECF No. 9-1, Page ID 73-4.

Plaintiffs have not demonstrated how they would be irreparably harmed absent issuance of the requested injunctive relief. They have not shown that any harms they may suffer cannot be compensated by money damages. Accordingly, the Court finds that the irreparable harm factor does not favor issuance of either a temporary restraining order or a preliminary injunction.

## II. Balance of the Harms

The primary question when issuing a preliminary injunction is whether the "balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase,* 640 F.2d at 113. To determine the harms that must be weighed, the Eighth Circuit has looked at the threat to each of the parties' rights that would result from granting or denying the

injunction.  *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994).  A Court also must consider the potential economic harm to each of the parties and to interested third parties.  *Id.*

The injunctive relief Plaintiffs seek is general and broad.  *See* Pl.'s Mot. Prelim. Inj., ECF No. 3, Page ID 34-5 (requesting that the Court enjoin Defendants from "violating their fiduciary duties as shareholders of CDM, . . . and from breaching their contractual obligations . . .").  Their brief broadly requests that the Court "enjoin Defendants from continuing to engage in conduct adverse to CDM and E&K . . . ."  Pl.'s Br. Mot. Prelim. Inj., ECF No. 4, Page ID 57.[3]  The issuance of such an injunction would cause significant economic harm to Defendants and third parties.  It would preclude Integrated from continuing business operations, and its customers would suffer.  If an injunction is not issued, however, the harm to Plaintiffs is that their former employees are allowed to compete against them.  Plaintiffs do not claim Defendants are in possession of trade secrets, are disclosing confidential information, or are damaging Plaintiffs' goodwill.  Thus, the Court finds that the balance of the harms does not favor issuance of an injunction.

### III. Likelihood of Success on the Merits

"In deciding whether to grant a preliminary injunction, likelihood of success on the merits is most significant." *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696

---

[3] *See, e.g., Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, Case No. 5:14-CV-5262, 2017 WL 3206942, at *2 (W.D. Ark. July 28, 2017) (quoting *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 669 (8th Cir. 1987)) ("Broad language in an injunction that essentially requires a party to obey the law in the future is not encouraged and may be struck from an order for injunctive relief, for it is basic to the intent of Rule65(d) that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits.").

F.3d 771, 776 (8th Cir. 2012) (quoting *Minn. Ass'n of Nurse Anesthetists v. Unity Hosp.*, 59 F.3d 80, 83 (8th Cir.1995)).  With respect to this factor, it is not necessary for the movants to prove they are more likely than not to prevail, the movants "need only show a reasonable probability of success, that is, a fair chance of prevailing" on the merits. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013); *Dataphase*, 640 F.2d at 113.

Plaintiffs have asserted claims for breach of contract and breach of fiduciary duty.  Whether or not they ultimately prevail on their claims at trial, they have not met their burden of demonstrating a reasonable probability that they will succeed in obtaining any relief other than monetary damages.  Because Plaintiffs have not demonstrated that they are likely to succeed on the merits of their claim for injunctive relief, this factor does not favor the issuance of a temporary restraining order or preliminary injunction.

**IV. Public Interest**

The Court must also "consider[ ] whether the public interest would be served by granting the movant's motion for injunctive relief."  *Harden*, 938 F. Supp. 2d at 861 (citing *Dataphase*, 640 F.2d at 113).  Plaintiffs argue Defendants disingenuously removed this case to federal court in order to delay a decision on Plaintiffs' request for injunctive relief in state court, and that the public has a strong interest in preventing abuse of the federal removal statutes.[4]  They also argue the public has an interest in preventing Defendants from profiting from violation of their contractual and fiduciary duties by usurping business opportunities from Plaintiffs.

---

[4] The hearing on Plaintiffs' Motions was delayed three days and the Court granted Plaintiffs' request for an expedited hearing.  The Court finds nothing abusive about Defendants' removal of this case.

Whether the removal of this case was appropriate has no bearing on the question of whether injunctive relief should issue, and Plaintiffs have not demonstrated how the public at large has any interest in the alleged usurpation of their business opportunities. While the public has a general interest in the enforcement of contracts, that interest can be protected through an award of monetary damages, where appropriate.

The Court finds that Plaintiffs have not met their burden with respect to any of the *Dataphase* factors and, as such, they are not entitled to either a temporary restraining order or a preliminary injunction.

Accordingly,

IT IS ORDERED:

1. The Motion for Temporary Restraining Order, ECF No. 11, filed by Plaintiffs CDM Investment Group, Inc., and Airtite, Inc., is denied; and

2. The Motion for Preliminary Injunction, ECF No. 3, filed by Plaintiffs CDM Investment Group, Inc., and Airtite, Inc., is denied.

Dated this 20th day of February, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge