IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CDM INVESTMENT GROUP, INC., a Nebraska Corporation; and AIRTITE, INC., a Nebraska Corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>DUSTIN SANDOVAL, IVAN MEIRING, and INTEGRATED SPECIALTY CONTRACTORS, LLC, an Illinois Limited Liability Company;<br><br>Defendants. | 8:18CV43<br><br>MEMORANDUM AND ORDER |

Before the Court are the Findings and Recommendation of Magistrate Judge Susan M. Bazis, ECF No. 40, recommending that the Motion to Remand, ECF No. 30, filed by Plaintiffs CDM Investment Group, Inc. (CDM), and Airtite, Inc., doing business as E&K of Chicago (E&K), be denied. The parties filed no objections to the Magistrate Judge's Findings and Recommendation and the Court adopts them in their entirety. Also before the Court is the Motion to Dismiss or, in the Alternative, to Transfer, ECF No. 18, filed by Defendants Dustin Sandoval, Ivan Meiring, and Integrated Specialty Contractors, LLC. For the reasons stated below, the Motion to Dismiss will be granted.

## BACKGROUND

The following facts are those contained in the parties' briefs supported by citations to the pleadings, affidavits, and exhibits, and any factual disputes are, for purposes of this Motion, resolved in favor of Plaintiffs.

E&K is a subsidiary of E&K Companies, Inc., which is a subsidiary of CDM. Each is a Nebraska corporation, and CDM and Airtite are in the construction and project management industry. E&K maintains an office in Elmhurst, Illinois.[1] Sandoval began his employment with both E&K and CDM on July 1, 2001, and Meiring began his employment with the companies on April 4, 2012. Throughout their employment with E&K and CDM, Sandoval and Meiring resided and worked in Illinois, but occasionally made work-related trips to Nebraska. Meiring attended several education committee meetings in Nebraska between April 2014 and October 2015. Sandoval traveled to Nebraska for training, participated in management phone calls with Nebraska personnel, and attended education committee meetings in Nebraska. They also "contacted persons in Nebraska for IT and administrative support with CDM." Pl.'s Br., ECF No. 33, Page ID 312.

At the beginning of their employment, Sandoval and Meiring were required to enter into Confidentiality and Conflict of Interest Agreements, and when each of them eventually purchased shares of CDM, they entered into Shareholder Buy-Sell Agreements. Sandoval Confidentiality Agr., ECF No. 9-1, Page ID 96; Meiring Confidentiality Agr., ECF No. 9-1, Page ID 81; Sandoval Shareholder Agr., ECF No. 9-1, Page ID 85; Meiring Shareholder Agr., ECF No. 9-1, Page ID 71.

Sandoval achieved the positions of Chief Procurement Officer for CDM and Vice President of Sales for E&K. Meiring became the Senior Estimator/Sales Manager and managed E&K's employees. They both voluntarily resigned their positions on January 22, 2018, to begin working at a competing construction company they formed in

---

[1] The Magistrate Judge, in her Findings and Recommendation, concluded that E&K's principal place of business was in Kansas. ECF No. 40.

2

September 2017 called Integrated Specialty Contractors, LLC (Integrated). Integrated is an Illinois limited liability company and has its principal place of business in Illinois.

After Sandoval and Meiring resigned their positions and began working at Integrated, Plaintiffs initiated this action. They asserted claims for breach of contract against Sandoval and Meiring and breach of fiduciary duty against Sandoval, Meiring, and Integrated. These claims are based on Sandoval's and Meiring's creation of, and current employment with, a competing company—Integrated—while they were still employees of Plaintiffs and shareholders of CDM. In Defendants' pending Motion, they ask the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) because they are not subject to personal jurisdiction in Nebraska. In the alternative, Defendants ask that this case be transferred to the Northern District of Illinois under 28 U.S.C. § 1404(a).

## STANDARD OF REVIEW[2]

"When challenged, 'the plaintiff bears the burden to show that jurisdiction exists.'" *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 848 (8th Cir. 2017) (quoting *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 819 (8th Cir. 2014)). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath*, 760 F.3d at 820 (citing *K—V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011)). "A plaintiff's prima facie showing 'must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Fastpath*, 760 F.3d at 820

---

[2] The Court will not state the standard of review for a motion to transfer under 28 U.S.C. § 1404(a) because it concludes that the Defendants are not subject to personal jurisdiction in the State of Nebraska.

(internal quotations omitted). If no hearing is held, the evidence must be viewed "in a light most favorable to the plaintiff" and factual disputes are resolved in the plaintiff's favor. *Id.* Plaintiffs cannot shift the burden of proof to the party challenging jurisdiction. *Id.*

**DISCUSSION**

The Court will grant Defendants' Motion to Dismiss because Plaintiffs have failed to make a prima facie showing of personal jurisdiction over Defendants.[3]

In determining whether personal jurisdiction over a nonresident defendant exists, the Court must determine whether: (1) the requirements of Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536,[4] are satisfied; and (2) the exercise of jurisdiction is permitted by the Due Process Clause of the Fourteenth Amendment. *See Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007). Because § 25-536 extends jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause, *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003), the Court need only determine whether the assertion of jurisdiction offends constitutional limits.

The Supreme Court "recognize[s] two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). "'Specific' or 'case-linked'

---

[3] No hearing, evidentiary or otherwise, was held on the pending Motion.

[4] "A court may exercise personal jurisdiction over a person . . . [w]ho has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States." Neb. Rev. Stat. § 25-536.

4

jurisdiction 'depends on an affiliation[n] between the forum and the underlying controversy . . . .'" *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "This is in contrast to 'general' or 'all purpose' jurisdiction, which permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (*e.g.,* domicile)." *Walden*, 571 U.S. at 283 n.6. Under either theory, due process requires that a nonresident defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**A. General Jurisdiction**

Plaintiffs argue that the Defendants all "have substantial continuous and systematic contacts with the State of Nebraska sufficient [for the Court] to exercise personal jurisdiction." Pl.'s Br., ECF No. 33, Page ID 316. Having substantial continuous and systematic contacts with the forum implicates general jurisdiction. *See BNSF Ry. Co.*, 137 S. Ct. at 1558. However, the Supreme Court has clarified that, with respect to corporations, "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are *so* 'continuous and systematic' as to render [it] *essentially at home* in the forum State." *Daimler*, 571 U.S. at 138 (quoting *Goodyear*, 564 U.S. at 920) (emphasis added); 4A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1069.5 (4th ed. 2015) ("[B]oth types of defendants [individuals and corporations] are presumably subject to the same requirement that their contacts with the

5

forum state must be so continuous and systematic as to render them essentially at home there[.]").

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137 (citing *Goodyear*, 564 U.S. at 923-24). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co.*, 137 S. Ct. at 1558 (quoting *Daimler*, 571 U.S. at 137).

Integrated is an Illinois limited liability company with its principal place of business in Illinois, and Sandoval and Meiring are individuals who permanently reside in Illinois. Notice of Removal ¶¶ 7-9, ECF No. 1, Page ID 2; Comp. ¶¶ 3-5, ECF No. 1, Page ID 6. As such, Nebraska is not the paradigm forum for the exercise of general jurisdiction over any of the Defendants. Although the paradigm forum may not be the only appropriate forum, *see Daimler*, 571 U.S. at 137, the record clearly shows none of the Defendants have affiliations with Nebraska that are "so continuous and systematic as to render them essentially at home" in this forum. *BNSF Ry. Co.*, 137 S. Ct. at 1558. Defendants are, therefore, not subject to the Court's general personal jurisdiction.

**B. Specific Jurisdiction**

Specific jurisdiction is "very different" from general jurisdiction. *Bristol-Meyers Squibb Co.*, 137 S. Ct. at 1780. "In order for a state[5] court to exercise specific jurisdiction,

---

[5] "[W]hen a federal court relies on a state long-arm statute . . ., personal jurisdiction must also be consistent with the Fourteenth Amendment due process principles that would apply in state court." 4 Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1068 (4th ed. 2015).

6

'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Id.* (quoting *Daimler*, 571 U.S. a 127) (emphasis in original). "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Meyers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). Accordingly, the "inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden*, 571 U.S. at 284 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

"Sufficient minimum contacts requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State[.]'" *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285. "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.*

Plaintiffs did not identify any contacts that Integrated has had with Nebraska since the company's inception in September of 2017; thus, the Court lacks specific personal jurisdiction over this defendant. With respect to Sandoval and Meiring, Plaintiffs first argue that their history of work-related trips to Nebraska and communications with CDM

personnel in Nebraska throughout their employment subjects them to the Court's personal jurisdiction. Plaintiffs have made no showing, however, that this action arises out of or relates, in any way, to Sandoval's and Meiring's work-related trips to Nebraska or their communications with CDM personnel in Nebraska. This case arises out of their creation of a competing company in Illinois, under Illinois law, while they were still employees of E&K and employee-shareholders of CDM, not their work-related conduct in Nebraska. *See* Comp., ECF No. 1-1. Thus, the work-related trips and communications are not relevant contacts for purposes of specific personal jurisdiction.

Plaintiffs also argue Sandoval and Meiring are subject to the Court's personal jurisdiction because they were employees and shareholders of Nebraska companies and the Shareholder Agreement's choice-of-law clause states that Nebraska law governs the contract. A choice-of-law clause "is not a determinative factor in establishing jurisdiction[,]" it may only "provide further evidence of a defendant's deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." *Fastpath*, 760 F.3d at 821-22 (internal quotations omitted). However, Sandoval's and Meiring's only other affiliations with the forum are their employment by, and shareholder relationships with, Nebraska companies, which are not sufficient to confer specific personal jurisdiction. *Walden*, 571 U.S. at 286 ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); *see also id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985) (Contracting with a party in the form does not, by itself, establish sufficient minimum contacts in the forum.)); *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977) (Owning shares of a corporation located in a particular forum does not subject the shareholder to personal jurisdiction in that forum.).

8

Thus, the choice-of-law clause and employee-shareholder relationships do not establish sufficient minimum contacts with Nebraska such that Sandoval and Meiring are subject to the Court's specific personal jurisdiction.

Because the Defendants are not subject to either general or specific personal jurisdiction in Nebraska, this case will be dismissed.

Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation, ECF No. 40, are adopted in their entirety;

2. The Motion to Remand, ECF No. 30, filed by Plaintiffs CDM Investment Group, Inc., and Airtite, Inc., is denied;

3. The Motion to Dismiss, ECF No. 18, filed by Defendants Dustin Sandoval, Ivan Meiring, and Integrated Specialty Contractors, LLC, is granted;

4. The above-captioned case is dismissed, without prejudice; and

5. A separate judgment will be entered.

Dated this 17th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge